UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JAMES RIVER INSURANCE CO.,         )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 13-681 S
                                   )
ICON CORP., et al.,                )
                                   )
        Defendants.                )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

Plaintiff, James River Insurance Co. ("James River") brings this declaratory judgment action against Icon Corp. ("Icon"), its insured, seeking a declaration that it does not owe a duty to defend Icon in two unrelated personal injury lawsuits. Magistrate Judge Lincoln D. Almond issued a Report & Recommendation ("R&R") (ECF No. 27) recommending that James River's Motion for Summary Judgment (ECF No. 18) be denied in part and granted in part. James River timely objected to a portion of the R&R. (ECF No. 28.) Icon opposed James River's objection. (ECF No. 30.) For the reasons that follow, the Court OVERRULES James River's objection and ACCEPTS the R&R pursuant to 28 U.S.C. § 636(b)(1).

I.  Background

The R&R thoroughly recounts the underlying facts, and they need not be reproduced in detail here.  In brief, James River issued a commercial general liability policy to Icon insuring Icon

against litigation relating to the operations of Icon's night clubs. The policy, however, excluded coverage for claims arising out of "assault and battery" and intentional acts. James River sought a declaratory judgment that two lawsuits fell into these exceptions — one brought by Tony Tran, and another brought by Nicholas Rampone. The altercations underlying these suits occurred at different times and were unrelated. The R&R recommended denying summary judgment as to the Tran suit and granting it as to the Rampone suit. No timely objections were filed as to Magistrate Judge Almond's recommendation relating to the Rampone action.[1] The Court, thus, adopts Magistrate Judge Almond's recommendations relating to that claim without further comment. See LR Cv 72(d)(1). As noted above, James River objects

---

[1] At the conclusion of its Response to James River's Objection, Icon includes a single paragraph arguing that James River should not receive summary judgment as to the Rampone claim. (Icon Resp. to Obj. 3-4, ECF No. 30-1.) Icon's conclusory two sentence paragraph does not contain any analysis or citations. Accordingly, it does not amount to a viable objection to the R&R. See DCC Operating, Inc. v. Rivera Siaca (In re Olympic Mills Corp.), 477 F.3d 1, 17 (1st Cir. 2007) (finding a damages claim waived because "as presented to the district court . . . the argument was fatally undeveloped, comprising only four sentences, a citation to a district court opinion, and no analysis whatsoever"). Further, even if Icon had properly developed its objections, it is untimely. The deadline for objecting expired on September 9, 2015. Icon did not file its Response until November 3, 2015. (See ECF No. 30.) Accordingly, pursuant to LR Cv. 72(d)(1), Icon waived its objection.

to Magistrate Judge Almond's recommendation to deny it summary judgment on the Tran action.

II. Discussion

Generally, Rhode Island applies the "pleading test" to determine an insurer's duty to defend under a liability insurance policy. Progressive Cas. Ins. Co. v. Narragansett Auto Sales, 764 A.2d 722, 724 (R.I. 2001). Under this test, an insurer "must defend [an insured] if the facts alleged [in the complaint] fall or potentially fall within the scope of coverage." Mount Vernon Fire Ins. Co. v. Stagebands, Inc., 636 F. Supp. 2d 143, 147 (D.R.I. 2009) (citing Flori v. Allstate Ins. Co., 388 A.2d 25, 26 (R.I. 1978)). But the duty to defend is not interminable. Id. An insurer can halt its duty by showing as a matter of law that claims could never be within the bounds of coverage. Id. (collecting cases).

James River objects to Magistrate Judge Almond's R&R on the latter ground, arguing that record evidence forecloses any chance that Tran could bring a non-excluded negligence claim against Icon. James River's objection is misplaced. As Magistrate Judge Almond correctly concluded, there is still uncertainty about how Tran sustained his injuries. For instance, there remain questions as to whether Tran was thrown down the stairs or tripped. (See Def.'s Statement of Undisputed Facts ("SUF") ¶ 23, ECF No. 23.) And, if

3

Tran was thrown down the stairs, there remain questions as to who threw him, a bouncer or someone else. (See id. ¶¶ 24-26.) Accordingly, based on Tran's complaint and the facts presented at summary judgment, it remains possible that negligence caused Tran's injury, keeping the door to coverage open. See Am. Commerce Ins. Co. v. Porto, 811 A.2d 1185, 1196-97 (R.I. 2002) (coverage should continue where plaintiff alleges "separate, independently caused bodily injuries" resulting solely from the insured's negligence).

In objecting to the R&R, James River relies heavily on this Court's ruling in Mount Vernon, arguing that the R&R's recommendation is "incompatible" with Mount Vernon's legal principles. (Obj. to R&R 7, ECF No. 28-1.) James River's assertion is incorrect. Unlike here, in Mount Vernon, the parties did not dispute that the plaintiff was injured by a battery, an excluded claim under the defendant's liability insurance policy. 636 F. Supp. 2d at 148 n.3. Instead, the defendant argued that the battery exclusion did not halt the insurer's duty to defend because a negligently designed parking lot exacerbated the plaintiff's injuries. Id. at 149. The Court rejected this argument. While the negligent conduct may have been a proximate cause of plaintiff's injuries, it was not a "separate and independent injury based solely on [the defendant's] negligence

4

. . . ." Id. at 149. Accordingly, "[t]here [was] no question [plaintiff's] injuries were caused by the [battery] — even if the parking layout was an after-the-fact contributing and worsening cause." Id.

Here, by contrast, Tran's potential negligence claim does not arise from conduct occurring after the battery. It arises from the very conduct that caused Tran's injuries – falling down the stairs at the club. And, unlike in Mount Vernon, there are questions as to whether Tran's injuries were caused by the battery or some other negligent conduct. James River, thus, cannot "confute any [ ] potential for coverage as a matter of law." Id. at 147 (internal quotation marks and citation omitted).

James River also asserts that any negligence theory Tran could pursue "would still be excluded by the Policy's expansive Assault and Battery Exclusion." (Obj. to R&R 10, ECF No. 28-1.) Specifically, James River argues that the policy excludes all claims where "intentional battery [allegations] are combined with allegations of negligence, including negligent employment and negligent training." (Id.) Assuming arguendo that the policy exclusion is as broad as James River asserts, Tran's potential negligence claims still fall outside of it. James River's argument assumes that a battery occurred. However, as noted above, this remains an open question; a battery, negligent conduct, **or** a

5

combination of the two could have caused Tran's injuries. The facts of this case potentially could fall within the scope of coverage and, thus, James River has not demonstrated that, as a matter of law, it has no duty to defend Icon.[2]

III. Conclusion

For the foregoing reasons, this Court ADOPTS the Report and Recommendation submitted by Magistrate Judge Almond. James River's Motion for Summary Judgment (ECF No. 18) is DENIED as to the Tran claim and GRANTED as to the Rampone claim.

IT IS SO ORDERED.

/s/ W. Smith
William E. Smith
Chief Judge
Date:  January 19, 2016

---

[2] James River also asserts that the R&R "fail[ed] to appreciate the current status of litigation and discovery in the underlying [state court action]" when it held that facts are still being discovered.  (Obj. to R&R 4, ECF No. 28-1.)  In support of this statement, James River points to the discovery that has already taken place.  But, tellingly, James River does not indicate that discovery is complete.  Indeed, it admits that the state court case is "in a holding pattern" pending the resolution of this coverage dispute.  (Id. at 5 n.4.)